RECEIVED
IN ALEXANDRIA, LA

FEB - 1 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CALVIN KING FRANCIS<br>LA. DOC. #503175 | DOCKET NO. 09-CV-1152; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| J. LEVY DABADIE CORRECTIONAL | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is pro se civil rights complaint (42 U.S.C. § 1983) filed on July 8, 2009, pro se and in forma pauperis. At the time of filing, Plaintiff was an inmate in the custody of the Louisiana Department of Public Safety & Corrections. He filed suit against J. Levy Dabadie Correctional Center (JLDCC) for injuries allegedly sustained in an automobile accident.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### FACTUAL BACKGROUND

Plaintiff alleges that on September 12, 2008, he was riding on a bus that was leaving the JLDCC property. The driver of the bus, Sgt. Jones "lost focus on his driving and hit a pole." Plaintiff alleges that he suffered back and leg injuries from the impact. He complains that he was not sent to the hospital until three days later. For those first three days, he was placed on bed rest. After being examined at the hospital, Plaintiff was prescribed and

provided Flexeril and sleeping pills. Plaintiff complains that, while on bed rest, he was harassed by Nurse Mechot and Sgt. Deville. He states, "Because of the constant harassment I was placed on lock down, lost good time, and [sic] transferred to Avoyelles CC with a disciplinary write up." [Doc. #10, p.6]

## LAW AND ANALYSIS

1. 3 Day Delay in Medical Care

Plaintiff complains that he was on bed rest for three days before being transported to the hospital for examination. To state a claim for delay in medical care, Plaintiff must allege facts that support a finding that the named defendants were deliberately indifferent to his serious medical needs, which resulted in harm. Estelle v. Gamble, 429 U.S. 97 (1976); Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). Plaintiff does not allege that he suffered any harm as a result of the three day delay in being taken to the hospital.

Moreover, he did not allege that the officials knew of and disregarded an excessive risk to his health or safety. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Apparently, Plaintiff was in stable condition after the accident and only received a muscle relaxer and sleeping pill from the hospital physician. Plaintiff does not allege an excessive risk to his health or safety. Deliberate indifference must rise to a level of unnecessary and wanton infliction of pain proscribed by the Eight Amendment. Id.

at 835-47. Negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir.1999). Plaintiff's allegations fall short of this standard.

2. Harassment

Plaintiff's complaint that he was harassed by Nurse Mechot and Sgt. Deville while he was on bed rest. Verbal threats, harassment, and abusive language do not give rise to Eighth Amendment claims. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). Plaintiff's claim is frivolous.

3. Discipline

Plaintiff complains that because of harassment by Deville and Mechot, he was placed in lock down, lost good time, and was transferred to Avoyelles Correctional Center with a disciplinary write-up. The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey,

512 U.S. 477, 486-87 (1994). The same applies to a prison disciplinary conviction. See <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)(extended <u>Heck</u> to prison disciplinary proceedings). Thus, a claim for damages based on a disciplinary conviction or sentence that has not been invalidated is not cognizable under §1983. <u>Id</u>. If a prisoner seeks damages for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of <u>Heck</u>, he is barred from any recovery and fails to state a claim upon which relief may be granted. See <u>Randell v. Johnson</u>, 227 F.3d 300, 301 (5th Cir. 2000). In this case, Plaintiff states that he lost good time, was placed in segregation, and was transferred to Avoyelles Correctional Center with a disciplinary write-up. Thus, his complaint calls into question the validity of a prison disciplinary proceeding that resulted in the loss of good time. Plaintiff would have to show that the disciplinary conviction had been reversed or expunged as required by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>Edwards v. Balisok</u>, 520 U.S. 641, 646-48 (1997). Plaintiff has not made such an allegation.

4.  Segregation and Transfer

As for segregation and transfer, the Fifth Circuit has held that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be grounds for a constitutional claim."

Hernandez v. Velasquez, 522 F.3d 556, 562 (5th Cir. 2008)(citations omitted). Also, a prisoner has no constitutional right to be housed in a particular facility, and the transfer of a prisoner from one prison to another does not impose atypical or significant hardships in relation to the ordinary incidents of prison life. Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983) Thus, Plaintiff's transfer and segregation are not deprivations of constitutionally protected liberties. See Olim, 461 U.S. at 245-46; Sandin v. Conner, 515 U.S. 472 (1995).

5. Automobile Accident

To the extent Plaintiff seeks damages for the driver's negligence, his claim is frivolous. To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48, (1988). Because the deprivation must be intentional, negligent conduct cannot serve as the basis for a §1983 claim. See Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir.1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)). Thus any claim for damages due to the driver's negligence should be dismissed.

6. JLDCC

Plaintiff named as Defendant the J. Levy Dabadie Correctional Center (JLDCC). The Federal Rules provide that the "capacity to

5

sue or be sued shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). Thus, Louisiana law governs whether the JLDCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A review of the Louisiana Secretary of State's corporation database suggests that JLDCC is not a corporation and, as such, not a juridical person. JLDCC is not a legal entity capable of being sued. Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D.La. 1998).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that all of Plaintiff's claims be DENIED AND DISMISSED with prejudice as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 1st day of February, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE